## T. & P. R. R. Co. v. John A. Fitch.

### (No. 319.)

CONTRACT.—Failure to perform authorizing a recovery by opposite party.

APPEAL from Grayson county.   Opinion by WATTS, J.

STATEMENT.— On September 21, 1875, appellee filed a petition in the district court of Grayson county, and amended March 16, 1880, seeking to recover from appellants $500 with interest.   The petition alleged, in substance, that in the year 1872 appellant, being about to construct its railroad through Grayson county, entered into a contract with divers citizens of Sherman, by which it agreed to construct said railroad through Grayson county within twelve months from the time said contract was closed, which was on December 9, 1872, and said citizens agreed in the manner specified to pay to it $150,000, which was made by subscription, to which appellee subscribed $500.   That among other things the citizens agreed to furnish depot grounds for said company, and did so furnish ground, which was not accepted, and it was agreed that certain citizens who agreed thereto should furnish other depot grounds, and that the amounts paid by each should be credited on the sum subscribed by him on the original subscription; that appellee paid toward the purchase of said depot ground $500, which was accepted by appellants as a full satisfaction of his original subscription.

Appellant did not complete its said road through said county within the time agreed upon, but received title to the depot grounds so purchased.   Defendant pleaded general denial, and specially:   1st. That the citizens of Sherman had agreed to furnish depot grounds.   2d. That a vote by the citizens of Sherman changed original contract so as to release the company.   Case tried May 17, 1880.   Verdict and judgment rendered for Fitch for $500 and $243.33 interest.

17

OPINION.— As between the parties to the record there was no change in the stipulations and conditions in the original contract except that at the instance of appellant the appellee paid in advance the $500 which, by the terms of the contract, he was not required to pay until the road was completed through the county. This payment by appellee did not release the appellant from its obligation to complete the road through the county in the time named. In other words, as appellee paid the money in advance at the request of appellant and to secure it the desired ground, appellee did not thereby waive the conditions precedent entitling appellant to the money. This was the view of the contract presented in the charge to the jury, and we think it correct. By the agreed statement it appears that the appellant did not comply with its contract. The road was not completed through the county within the time named, and in fact had not been completed at the time of the trial in the court below.

AFFIRMED.